IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) | CRIMINAL NO.  12-30103-MJR |
| vs. )<br>)<br>) | |
| AMONO WASHINGTON, )<br>) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR A**

**DOWNWARD VARIANCE AND SENTENCING MEMORANDUM**

The United States of America, through its attorneys Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Neal C. Hong, Special Assistant United States Attorney for said district, hereby provides its response to Defendant's motion for a downward variance and sentencing analysis and recommendation.

**BACKGROUND**

On April 17, 2012, a federal grand jury indicted Amono Washington (Washington) for attempting to possess with intent to distribute 500 grams or more of cocaine. (PSR ¶ 1). On October 24, 2012, Washington pled guilty to the indictment. *Id*. Washington's sentencing hearing was held on March 1, 2013, before Judge William D. Stiehl. Probation attributed approximately 1.7 kilograms of cocaine to Washington which resulted in a Guideline sentencing range of 51-63 months. (PSR ¶ 30, 71). However, the United States objected to the PSR and

presented evidence, in the form of testimony of two cooperating individuals and a case agent, at the sentencing hearing that established that Washington was responsible for more cocaine than what the PSR indicated. Judge Stiehl found that Washington's relevant conduct made him responsible for approximately 5.7 kilograms of cocaine. (Doc. 80 p. 79). Based on that finding, Judge Stiehl calculated Washington's Guideline range at 97-121 months. Judge Stiehl then sentenced Washington to 97 months of imprisonment.

On January 14, 2014, the Seventh Circuit Court of Appeals vacated Washington's sentence and remanded it back to this Court for resentencing. In his appeal, Washington argued the sole issue of whether his sentence was procedurally unreasonable. The Seventh Circuit agreed with Washington and held that the Court's sentence failed to adequately addressing the 3553(a) factors.[1] On April 29, 2014, Washington filed a motion for a downward variance. (Doc. 107). On May 1, 2014, Washington filed his sentencing memorandum. (Doc. 109).

**UNITED STATES' RESPONSE TO WASHINGTON'S**

**MOTION FOR A DOWNWARD VARIANCE**

The United States opposes Washington's motion for a two-level reduction because it is based on speculation of a possible future amendment to the Sentencing Guidelines. It would be premature at this time to apply said speculative reduction

---

[1] While Washington argued in his appeal that the district court's sentence was procedurally unreasonable because it failed to adequately address the 3553(a) factors, he never argued that his sentence of 97 months was substantively unreasonable. Indeed, he never challenged the relevant conduct calculation, nor did he challenge the guideline range of 97-121 months. This Court also noted the limited circumstances that apply to the resentencing during the March 21, 2014, telephonic status conference. (Doc. 101); (Def. Sent. Memo p. 5).

2

and could result in sentencing disparities, should Washington be given the reduction and the speculative amendment not pass.

Wherefore, the United States respectfully requests that the Court deny Washington's motion for a downward variance.

## UNITED STATES' SENTENCING MEMORANDUM AND REPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

### INTRODUCTION

In deciding the appropriate sentence to impose, the sentencing court must consider the factors set forth in Title 18, United States Code, § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C., § 3553(a).

The Court must also consider the kinds of sentences available and the applicable category of offenses and category of defendant, as set forth in the Guidelines and its policy statements, as well as the need to avoid unwarranted sentencing disparities and to provide restitution to victims.  18 U.S.C. § 3553(a)(3)-(7).

The United States' sentencing memorandum focuses on the following sentencing factors: (A) the nature and circumstances of the offense and the history

and characteristics of the defendant; (B) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (C) to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.

Having analyzed these factors, the United States respectfully submits that the original sentence Judge Stiehl imposed of 97 months of imprisonment was a reasonable and appropriate sentence in this case.

## I.  RESPONSE TO WASHINGTON'S SENTENCING MEMORANDUM

Washington argues that he and his codefendant, DeCarlos Nicholson who received a 46 month sentence, are similarly situated and therefore a 97 month sentence for Washington is unjust.  He also argues that but for his Criminal History Category being a I, he would have been able to receive the "safety-valve" reduction.

Washington and Nicholson are similarly situated in that they both were arrested on March 25, 2010, with approximately 1.7 kilograms of cocaine, but that is where the similarities end.  Washington was found to be responsible for an additional 4 kilograms of cocaine, a finding that was not challenged by Washington on appeal.  Washington was responsible for more than three times the amount of cocaine Nicholson was responsible for.  Therefore, they are not similarly situated and a 97 month sentence is appropriate.

Washington also argues that but for his Criminal History Category being a I, he would have received a safety-valve reduction.  The fact that he was one Criminal History Category off from a lower sentence does not make the sentence he received

4

unjust. Any person who is one-point off from a lower Criminal History Category can make the same argument and it would be equally irrelevant. A Criminal History Category of VI could complain that he was only one off from a V; a V can complain that he was only one off from a IV and so on. Moreover, Washington fails recognize that even if he were a Criminal History Category I he did not meet the full requirements for the safety-valve reduction. Washington never truthfully provided the United States with all information and evidence he had concerning the offense or offenses that were part of the same course of conduct or common scheme or plan, as required by 5C1.2(a)(5).

Finally, Washington argues that he should be permitted to challenge the credibility of the testimony of the United States' witnesses during the first sentencing hearing. This Court has recognized that the credibility finding of Judge Stiehl was not challenged, nor was it disturbed by the court of appeals. The Court should not revisit this finding because it was not challenged and is outside the scope of the resentencing.

## II. UNITED STATES' SENTENCING RECOMMENDATION

**A. Washington's original sentence of 97 months of imprisonment was appropriate based on the factors set forth in 18 U.S.C. § 3553(a).**

**1. The nature and circumstances of the offense and the history and characteristics of the defendant.**

The nature and circumstances of this offense are serious. Cocaine is a highly addictive and dangerous drug. The total amount of cocaine that Washington was

5

initially arrested with was approximately 1.7 kilograms of cocaine. The instant offense was not Washington's first time purchasing cocaine with the intent to distribute it. Based on the evidence at Washington's previous sentencing hearing, Judge Stiehl found that Washington's drug dealing spanned a greater period of time and therefore found him responsible for approximately 5.7 kilograms of cocaine.

Moreover, there are troubling issues in Washington's history and characteristics. Although he does not have the most extensive criminal history, he has committed numerous crimes involving theft, lying and stealing. (PSR 41-48). Washington reported that he has only held one verifiable job in his whole life. (PSR ¶ 65). Throughout his adult life he supported himself through illegal means. (PSR ¶ 66). Aside from being an unproductive member of society, Washington is a habitual abuser of drugs and alcohol. He has been abusing drugs and alcohol for approximately twenty years.

**2.     The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

The quantity of cocaine that Washington was found with the night he was arrested was approximately 1.7 kilograms. 1.7 kilograms of cocaine is enough cocaine to produce approximately 1700 dosage units. After considering all of

6

Washington's relevant conduct, Washington was responsible for 5.7 kilograms of cocaine, which was enough to produce 5700 dosage units.[2]

A 97 month sentence would reflect on the seriousness of dealing in enough quantity of cocaine to produce thousands of dosage units. Furthermore, it would promote respect for the law. Aside from the instant offense and his criminal history, Washington has demonstrated a lack of respect for the law by continuing to use illegal drugs while on bond. (PSR ¶ 65).

**3.  The need for the sentence imposed to afford adequate deterrence to criminal conduct and the need for the sentence imposed to protect the public from further crimes of the defendant.**

A sentence of 97 months will serve as deterrence, both specific and general. The effects of cocaine have had a devastating effect on East St. Louis. As Judge Stiehl noted, drug use and drug dealing has caused a negative impact on society. (Doc. 80 p. 82). The United States recognizes that East St. Louis's decline is not solely based on the drug trade, nor is it solely the fault of Washington; however, individuals such as Washington, who are involved in the drug trade, contribute greatly to its decline.

The estimated amount of money Washington would have gained from his sale of 5.7 kilograms of cocaine is approximately $513,000.[3] This is a substantial

---

[2] This figure is based on discussions with DEA Agent Mike Rehg. Agent Rehg stated that a serving size for a typical user of cocaine is approximately one gram. When converted into grams, 1.7 kilograms comes out to 1700 and 5.7 kilograms converts to 5700 grams.

[3] This figure is based on discussions with DEA Agent Mike Rehg. Agent Rehg stated that one gram of cocaine in 2010 was worth approximately $80-100. The Government averaged the high and low ends of the approximate value to come up with an average estimated value of $90. The Government then multiplied that dollar amount with 5700, the number of grams in 5.7 kilograms, to come up with $513,000.

amount of money by any standards. Washington has made a living almost exclusively off of illegal conduct. (PSR ¶ 66). A 97 month sentence would go to deterring the economic incentive of continuing with this life style. Additionally, a 97 month sentence would put other individuals on notice that, although there are economic benefits from engaging in the same behavior as Washington, the consequences of those actions come at a greater price.

## CONCLUSION

Pursuant to the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully recommends that Washington's original sentence of 97 months of imprisonment was reasonable for the reasons stated herein.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

s/ Neal C. Hong
NEAL C. HONG
Special Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
Tel: (618) 628-3700
Fax:  (618) 628-3730
E-mail: Neal.Hong@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO.  12-30103-MJR |
| vs. | ) | |
| | ) | |
| | ) | |
| AMONO WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**Certificate of Service**

I hereby certify that on May 6, 2014, I caused to be electronically filed **United States' Response To Defendant's Motion For A Downward Variance And Sentencing Memorandum** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Thomas Q. Keefe, III – keefetq@gmail.com, lisa@tqkeefe.com

                          Respectfully submitted,

                          STEPHEN R. WIGGINTON
                          United States Attorney

                          *s/ Neal C. Hong*
                          NEAL C. HONG
                          Special Assistant United States Attorney
                          Nine Executive Drive
                          Fairview Heights, IL  62208
                          Tel: (618) 628-3700
                          Fax:  (618) 628-3730
                          E-mail: Neal.Hong@usdoj.gov